| | |
|---|---|
| EMANUEL BOONE,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>CSP- CORCORAN WARDEN,<br><br>　　　　　Respondent. | Case No.　1:19-cv-01320-JDP<br><br>FINDINGS AND RECOMMENDATIONS THAT PETITION BE DISMISSED FOR LACK OF JURISDICTION<br><br>ECF No. 1<br><br>OBJECTIONS DUE IN FOURTEEN DAYS<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN CASE TO DISTRICT JUDGE AND SEND PETITIONER A § 1983 COMPLAINT FORM |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Petitioner Emanuel Boone, a state prisoner without counsel, petitioned for a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. This matter is before the court for preliminary review. Under Rule 4 of the Rules Governing Section 2254 Cases, the court must examine the habeas corpus petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998). At this early stage, Rule 4 gives "courts an active role in summarily disposing of facially defective habeas petitions." *Ross v. Williams*, 896 F.3d 958, 968 (9th Cir. 2018) (citation omitted).

1

**Discussion**

Under § 2254, a writ of habeas corpus is available to prisoners challenging the fact or duration of their confinement. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994). In contrast, if a favorable judgment for the petitioner would not "necessarily lead to his immediate or earlier release from confinement," the court lacks jurisdiction under this provision. *See Nettles v. Grounds*, 830 F.3d 922, 935-37 (9th Cir. 2016). However, "[r]equests for relief turning on circumstances of confinement may be presented in a [42 U.S.C.] § 1983 action." *Muhammad v. Close*, 540 U.S. 749, 750 (2004).

Here, petitioner alleges that prison personnel are beating inmates at his place of confinement. *See* ECF No. 1 at 3. Petitioner requests a criminal investigation, criminal charges against the personnel, and a temporary injunction. *Id*. Petitioner makes numerous other allegations against prison personnel, including retaliation, sexual assault, and denial of adequate medical treatment. Petitioner filed an internal prison appeal in which he disputed the prison's procedure for investigating an excessive force claim. *Id*. at 10-12. These claims turn on conditions of confinement and will not lead to petitioner's immediate or earlier release. Therefore, petitioner has failed to state a cognizable habeas claim.

We next consider whether to convert the petition into a § 1983 complaint. "If the complaint is amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief, the court may recharacterize the petition so long as it warns the pro se litigant of the consequences of the conversion and provides an opportunity for the litigant to withdraw or amend his or her complaint." *Nettles*, 830 F.3d at 936 (remanding case to district court to consider claim under § 1983). When filing a § 1983 claim, courts require plaintiffs to "plead that (1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes." *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cty. Sch. Bd. of Trs*., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting

*Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). There is no *respondeat superior* liability—i.e., liability of a supervisor for acts of a supervisee. Each defendant is only liable for his or her own misconduct. *See Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009).

We decline to convert the petition into a § 1983 complaint for two reasons. First, the complaint is not amenable to conversion on its face. Petitioner's allegations about the prison conditions are too conclusory to state a § 1983 claim. Petitioner has named only the warden as the respondent; petitioner has not named the people who directly committed the affirmative acts or omissions that violated his rights. Second, conversion may be unfair to petitioner. The filing fee for a habeas corpus petition is $5—and if leave to proceed *in forma pauperis* is granted, the fee is forgiven. For civil rights cases, however, the filing fee is $350 plus a $50 administrative fee. Under the Prisoner Litigation Reform Act, petitioner would be required to pay the $350 filing fee, even if granted *in forma pauperis* status, by way of deductions from his trust account. *See* 28 U.S.C. § 1915(b)(1). If we were to convert this action to a § 1983 action, petitioner would face the larger filing and administrative fees—and with this in mind he might prefer not to file a § 1983 action.

While we decline to convert the petition, petitioner remains free to file a § 1983 complaint. A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Iqbal*, 556 at 678. If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id*. at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr*., 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted). The complaint must state what actions each named defendant took that deprived plaintiff of constitutional or other federal rights. *See Iqbal*, 556 U.S. at 678; *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

**Order**

The clerk's office is directed to send petitioner a § 1983 complaint form. The clerk of court is directed to assign this case to a district judge who will review the findings and recommendations.

**Findings and Recommendations**

We recommend that the court dismiss the petition and decline to issue a certificate of appealability. Under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California, we submit the findings and recommendations to the U.S. District Court judge presiding over the case. Within fourteen days of the service of the findings and recommendations, any party may file written objections to the findings and recommendations. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:    January 30, 2020                               _____
                                                         UNITED STATES MAGISTRATE JUDGE

No. 206.